UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTOPHER GEHRISCH, Chief Executive Officer of Proteus Dimensional Technologies, Inc.,<br><br>    Respondent. | Case No. 11cv0141-IEG(BLM)<br><br>Order Denying Without Prejudice Motion for Contempt Sanctions [Doc. 14]; Requiring Respondent to Turn Over Copies of Documents |
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>MATTHEW GEHRISCH, Chief Financial Officer of Proteus Dimensional Technologies, Inc.,<br><br>    Respondent. | Case No. 11cv0143-IEG(BLM)<br><br>Order Denying Without Prejudice Motion for Contempt Sanctions [Doc. 13]; Denying Respondent Matthew Gehrisch's Motion to Dismiss [Doc. 20]; Requiring Respondent to Turn Over Copies of Documents |

The government moves the Court for an order of contempt against Christopher and Matthew Gehrisch based upon their failure to comply with the Court's April 5, 2011 order enforcing IRS summonses issued to them. Christopher Gehrisch filed a "response" to the government's motion [Case 11cv141, Doc. 19], and Matthew Gehrisch moved the Court to dismiss the contempt motion

[Case 11cv143, Doc. 20[1]]. The government filed a reply, and Matthew Gehrisch filed a sur-reply. A hearing was held before Chief Judge Irma E. Gonzalez on September 21, 2011. Christopher and Matthew Gehrisch appeared on their own behalf. Assistant United States Attorney Raven Norris appeared, along with Revenue Agent Mark Lucia. For the reasons explained more fully below, the Court DENIES the government's motion without prejudice, and DENIES Matthew Gehrisch's motion to dismiss the contempt proceeding.

## *Background*

By orders filed on April 5, 2011, the Court granted the IRS's motion to enforce IRS summonses issued to Christopher and Matthew Gehrisch in furtherance of its investigation of the income tax liability of Proteus Dimensional Technologies ("Proteus") for the tax year 2008. Christopher Gehrisch is the Chief Executive Officer of Proteus, and Matthew Gehrisch is the Chief Financial Officer of Proteus. The orders required Christopher and Matthew Gehrisch to appear before Revenue Agent Mark Lucia on April 25, 2011, at the offices of Proteus, to "produce the documents and give testimony as directed in the summons."

On April 25, 2011, Christopher and Matthew Gehrisch gave testimony and allowed Revenue Agent Lucia to "examine" and "review" the documents listed in the summonses. Revenue Agent Lucia was not able to complete his review of the documents, and therefore sought to take copies back to his office. The Gehrisches, however, refused to allow Revenue Agent Lucia to take the documents from the Proteus offices, arguing the summonses only required them to "produce for examination" the documents. They argued the summons and order did not require them to provide copies of the documents to Revenue Agent Lucia to take out of the Proteus offices. Revenue Agent Lucia made arrangements to return to Proteus to complete his review on May 4 and 11, 2011. When he returned to the Proteus office on May 4, however, the Gehrisches told him they would not permit any further review because they had fully complied with the subpoena and the Court's order.

---

[1] In support of their opposition to the contempt motion, the Gehrisches lodged two CDs containing the audio of the two initial meetings between Revenue Agent Lucia and the Gehrisches on August 12 and 13, 2010, as well as the meeting on April 25, 2011, which the Court has reviewed.

2

1     The government filed the current motion for contempt sanctions on July 12, 2011. Although the Gehrisches thereafter offered to allow Revenue Agent Lucia limited additional time at their offices to review the documents, Revenue Agent Lucia declined.

### *Discussion*

Before the Court can find Christopher and/or Matthew Gehrisch in contempt, the government must demonstrate:

> "(1) that [respondent] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence."

United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010) (quoting Labor/Cmty. Strategy Ctr. v. Los Angeles Co. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009)). If the government establishes a prima facie case of contempt, the Gehrisches may avoid sanctions "by demonstrating a present inability to comply with the enforcement order." Id. at 696 (citing United States v. Drollinger, 80 F.3d 389, 393 (9th Cir. 1996).

The purpose of civil contempt is coercive or compensatory. Koninklijke Philips Electronics N.V. v. KXD Technology, Inc., 539 F.3d 1039, 1042 (9th Cir. 2008). Courts have the power to impose a conditional period of imprisonment for the purpose of coercing an individual to obey its validly entered order. Uphaus v. Wyman, 360 U.S. 72, 81 (1959). Courts may also impose a monetary sanction either for purposes of coercing compliance or to compensate the moving party for its costs in attaining the contempt finding. General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986).

Here, the Court finds the Gerisches have technically not violated the Court's April 5, 2011 order. As they point out in opposition to the government's motion[2], the order required the

---

[2] The Court rejects the Gehrisches' other arguments in opposition to the contempt motion. To the extent the Gehrisches seek to rely upon the Right to Financial Privacy Act, 12 U.S.C. § 3405, the Court notes such section does not apply to IRS summonses. 12 U.S.C. § 3413(c) ("[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26."); Lidas, Inc. v. United States, 238 F.3d 1076, 1083 (9th Cir. 2001). In addition, Revenue Agent Lucia properly served the motion for contempt sanctions. As set forth in the Court's (continued...)

Gehrisches to produce documents pursuant to the summons, which seeks the documents "for examination." The order does not specifically state the Gehrisches must give copies to Revenue Agent Lucia to take back to his office. In addition, the order requires the Gehrisches to produce the documents to Revenue Agent Lucia on April 25, 2011. It does not require them to do anything on any other date. Therefore, the Gehrisches have substantially complied with the technical letter of the Court's order, and the Court DENIES the government's motion for contempt sanctions.

Nonetheless, the IRS is entitled to pursue its investigation of the of the income tax liability of Proteus Dimensional Technologies ("Proteus") for the tax year 2008, and is entitled to enforcement of its summonses to Christopher and Matthew Gehrisch. Therefore, the Court concludes the Gehrisches must provide copies of the documents to Revenue Agent Lucia to review, at his office, and to cooperate and provide additional documents and/or testimony to Revenue Agent Lucia in a timely manner if requested.

### *Conclusion*

For the reasons set forth herein, the Court DENIES the government's motion for contempt sanctions. The Court hereby orders Christopher Gehrisch, Chief Executive Officer of Proteus Dimensional Technologies, Inc., and Matthew Gehrisch, Chief Financial Officer of Proteus Dimensional Technologies, Inc., to deliver copies of all of the documents responsive to the IRS summonses to Revenue Officer Lucia, at his office in San Marcos, by *Monday, September 26, 2011*, and leave those documents at the IRS office with Revenue Agent Lucia. In addition, if Revenue Agent Lucia needs additional documents or oral testimony based upon his review of the documents, the Gehrisches are ordered to provide the documents or testimony in a timely manner.

**IT IS SO ORDERED.**

DATED: September 23, 2011

*[signature]*
IRMA E. GONZÁLEZ, Chief Judge
**United States District Court**

---

[2] (...continued)
July 19, 2011 order to show cause on the government's contempt motion, "any agent of the Internal Revenue Service" is authorized to effect service.

4